IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WELLS FARGO BANK, N.A.,            :

    Plaintiff,                :

vs.                                :        CA 11-0186-C

MACLAY CONSTRUCTION, INC.,         :
et al.,
                                   :
    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's motion for summary judgment (Doc. 22), along with a supporting brief (Doc. 23) and evidentiary materials (Doc. 24). The defendants declined the opportunity to respond to the summary judgment motion. (*Compare* Doc. 25 (submission order extended to defendants a period of time, up to and including December 7, 2011, to file a response to the summary judgment motion) *with* Doc. 26 (plaintiff's December 9, 2011 notice of no response by defendants).)[1] Therefore, this matter is ripe for disposition by the undersigned, who the parties explicitly consented may exercise jurisdiction in this case. (*Compare* Doc. 19 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case,

---

[1] "Plaintiff's counsel has spoken with Defendants' counsel who has stated that no responsive pleading or objection will be filed by Defendants." (Doc. 26, at ¶ 6.)

including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.") *with* Doc. 20 (endorsed order of reference).) After careful consideration of the foregoing, the Court concludes that the motion is due to be granted.[2]

## **DETERMINATIONS OF UNCONTROVERTED FACT**

On September 13, 2006, defendant Maclay Construction, Inc. ("Maclay Construction") executed a note in favor of the plaintiff, which matured July 28, 2009 without payment of all indebtedness due and owing thereunder. Maclay Construction executed, on December 20, 2007, a second note in favor of plaintiff which also matured July 28, 2009 without payment of all indebtedness due and owing thereunder. Defendant Charles A. Maclay entered a separate unconditional guaranty, on September 13, 2006, of the indebtedness under the notes, which he has not satisfied. Maclay Construction is in breach of the notes, and Charles Maclay is in breach of the unconditional guaranty.

The amount owing under the first note and guaranty (including interest, late fees and costs) as of October 25, 2011 is $138,716.72 and under the second note and guaranty (including interest and late fees), as of that same date, is $125,205.47. Although plaintiff states in the body of its summary judgment motion that interest and costs of collection continue to accrue, it gives no indication at what per diem rate interest continues to

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 19 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

accrue nor does it request an award of such continuing interest. Accordingly, this Court's judgment will not contain an award of such further interest. However, because plaintiff specifically requests post-judgment interest, provision will be made for same.

The notes and guaranty require the defendants to pay the plaintiff's reasonable attorneys' fees and costs in collecting the indebtedness. The plaintiff has incurred such fees and costs in the total amount of $22,152.72.

## **CONCLUSIONS OF LAW**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."); *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) ("[S]ummary judgment is appropriate even if '*some* alleged factual dispute' between the parties remains, so long as there is 'no *genuine* issue of *material* fact.'").

The party seeking summary judgment has the initial responsibility of informing the court of the basis for the motion and of establishing, based upon the discovery instruments outlined in Rule 56(c), that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007) ("The moving party bears the initial burden of showing the court, by reference to materials on file, that there

are no genuine issues of material fact that should be decided at trial."). Once this initial demonstration is made, the "responsibility then devolves upon the non-movant[s] to show the existence of a genuine issue . . . [of] material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *see also Allen*, supra, at 1314 ("'When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and show by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial.'"); *see Comer v. City of Palm Bay, Florida*, 265 F.3d 1186, 1192 (11th Cir. 2001) ("Once the moving party discharges its initial burden of showing that there is an absence of evidence to support the non-moving party's case, the non-moving party must specify facts proving the existence of a genuine issue of material fact for trial confirmed by affidavits, '"depositions, answers to interrogatories, and admissions on file."'").

> Forbidding reliance upon pleadings precludes a party from "choos[ing] to wait until trial to develop claims or defenses relevant to the summary judgment motion." . . . This effectuates the purpose of summary judgment which "'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" . . . Thus, "mere general allegations which do not reveal detailed and precise facts" will not prevent the award of summary judgment upon a court's determination that no genuine issue for trial exists.

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir.), *cert. denied sub nom. Jones v. Resolution Trust Corp.*, 516 U.S. 817, 116 S.Ct. 74, 133 L.Ed.2d 33 (1995); *see also LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998) ("[The nonmoving party] must raise 'significant probative evidence' that would be sufficient for a jury to find for that party."). In other words, there is no genuine issue for trial "[w]here the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see Comer, supra*, 265 F.3d at 1192 ("Summary judgment is required where the non-moving party's response to a motion is merely 'a repetition of his conclusional allegations' and is unsupported by evidence showing an issue for trial.").

In considering whether the plaintiff is entitled to summary judgment in this case, the Court has viewed the facts in the light most favorable to the defendants. *Comer, supra*, 265 F.3d at 1192 ("We view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party.").

> The requirement to view the facts in the nonmoving party's favor extends only to "genuine" disputes over material facts. A genuine dispute requires more than "some metaphysical doubt as to the material facts." A "mere scintilla" of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment.

*Garczynski, supra*, 573 F.3d at 1165 (internal citations omitted). In addition, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp., supra*, 43 F.3d at 599. Accordingly, the Court limits its review to those arguments expressly advanced by the parties.

Because Rule 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the

5

movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800SW 74th Ave,.., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). On the other hand, the Court's review when defendants do not respond to a motion for summary judgment is less searching than when they do respond. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *One Piece of Real Property*, 363 F.3d at 1101-1102 (internal citation omitted). Should this review reveal the plaintiff's entitlement to summary judgment, under *Resolution Trust Corp., supra,* the Court will not consider any legal or factual arguments the defendants could have, but have not, asserted in opposition.

Count I alleges breach of contract (both as to the notes and the guaranty) against Maclay Construction and Charles A. Maclay; Count II asserts a claim for money had and received against both defendants; and Count III alleges a claim of unjust enrichment against both defendants. (Doc. 1, at 2-5.)

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the

6

defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Financial Corp.,* 29 So.3d 872, 880 (Ala. 2009) (internal quotation marks and citation omitted).[3] The uncontroverted evidence shows the existence of contracts between the plaintiff and Maclay Construction; the plaintiff's performance under the contracts by lending Maclay Construction certain sums; Maclay Construction's non-performance by failing to repay the entirety of the borrowed sums and other amounts within the time and other terms set forth in the contracts; and the plaintiff's resulting damages from Maclay Construction's failures to pay. The uncontroverted evidence thus establishes all elements of the plaintiff's breach of contract claim asserted against Maclay Construction and Charles Maclay, who offer no defense. Thus, plaintiff is entitled to summary judgment as to this claim.

"The essence of the theories of unjust enrichment or money had and received is that a plaintiff can prove facts showing that defendant *holds* money which, in equity and good conscience, belongs to plaintiff[.]" *Hancock-Hazlett General Construction Co., Inc. v. Trane Co.,* 499 So.2d 1385, 1387 (Ala. 1986) (citations omitted; emphasis in original); *see also Jewett v. Boihem,* 23 So.3d 658, 661 (Ala. 2009) ("'[An action for money had and received] is founded upon the equitable principle that no one ought justly to enrich

---

[3] Moreover, "[e]very suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Sharer v. Bend Millwork Systems, Inc.,* 600 So.2d 223, 225-226 (Ala. 1992) (internal quotation marks and citation omitted); *see also Delro Industries, Inc. v. Evans,* 514 So.2d 976, 979 (Ala. 1987) (same). The uncontroverted evidence in this cases establishes the existence of a guaranty by Charles Maclay; Maclay Construction's default on two underlying contracts; and non-payment by Charles Maclay.

7

himself at the expense of another, and is maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain it because in justness and fairness it belongs to another[,]' [and] 'a cause of action for money had and received . . . "aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which . . . belongs to the plaintiff."'" (internal citation and bracket omitted)). As reflected above, the uncontroverted evidence in this case establishes that plaintiff extended two loans to the defendants; defendants received all proceeds of those two loans; defendants agreed in the executed notes and guaranty to repay the loans; and defendants failed to pay all sums due and owing under the loans. The uncontroverted evidence thus establishes all elements of the plaintiff's equitable theories of recovery against the defendants, and the defendants offer no defense. The plaintiff is entitled to summary judgment as to these two equitable theories of recovery.

The complaint seeks recovery of attorney's fees and cost under each count. (Doc. 1, at 3-5.) The plaintiff's evidence establishes that the amount of such fees and costs total $22,152.72. In Alabama, attorneys' fees are recoverable when provided for in a contract, *see. e.g., James v. James,* 768 So.2d 356, 360 (Ala. 2000), as is the case here, and in the Eleventh Circuit, "a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue[,]" *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.,* 312 F.3d 1349, 1355 (2002), which may be decided within the context of ruling on a summary judgment motion, *see Ierna v. Arthur Murray International, Inc.,* 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually

provided for attorneys' fees, the award is an integral part of the merits of the case."). In addition, Rule 54(d)(1) recognizes that costs may be awarded to the prevailing party. Thus, plaintiff is entitled to an award of attorneys' fees and costs totaling $22,152.72.

Finally, plaintiff requests that it be awarded post-judgment interest on the total award, that is, $286,074.91, "at the contract rate of Plaintiff's Prime Rate (the rate announced by Plaintiff from time to time as its prime rate), plus three and ½ percent (3.5%)." (Doc. 23, at 11.) In a diversity case, like the present one (*see* Doc. 1, at ¶ 5 ("This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332.")), however, "a district court will apply the federal interest statute, 28 U.S.C. § 1961(a), rather than the state interest statute[]" in awarding postjudgment interest. *Insurance Co. of North America v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991) (citation omitted). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).[4]

## CONCLUSION

For the reasons set forth above, plaintiff's motion for summary judgment (Doc. 23) is **GRANTED**. The plaintiff has established its entitlement to a judgment in the

---

[4] The most recent postjudgment interest rate, the average 1-year constant Treasury yield for the week ending December 16, 2011, is 0.11%. *See* http://www.federalreserve.gov/releases/h15/current/ (last visited today).

amount of $286,074.91, with postjudgment interest due to accrue on same at the rate of 0.11% from today's date.

    **DONE** and **ORDERED** this 20th day of December, 2011.

    <u>s/WILLIAM E. CASSADY</u>
    **UNITED STATES MAGISTRATE JUDGE**